IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

V.                                                                              NO. 3:25-CV-154-DMB-RP

BRITTNEY BRATTON                                                                    DEFENDANT

## ORDER

On May 20, 2025, the United States of America filed a complaint against Brittney Bratton in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Bratton's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at 1. The complaint alleges that Bratton, through misrepresentations, received a PPP loan in the amount of $20,832.00, for which the Small Business Administration ("SBA") paid $2,500.00 in processing fees to the financial institution involved, and that based on false representations by Bratton, the SBA forgave the loan. *Id.* at 6.

On May 30, 2025, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a Consent Judgment on the terms provided in the proposed Consent Judgment." Doc. #4 at PageID 16. The joint motion is signed by the United States and by Bratton who is pro se, *id.*, as is the proposed consent judgment.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of

> giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Bratton to pay $23,424.59 plus interest and a $405 court filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. So, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The Court will sign and enter the proposed consent judgment.

**SO ORDERED**, this 2nd day of June, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**